UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| S.J. KRIER,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON; COUNTY OF SNOHOMISH; and CITY OF EVERETT,<br><br>  Defendants. | NO. 3:21-cv-05331-BHS<br><br>*RAND* NOTICE |

Defendant City of Everett ("City"), concurrent with its dispositive motion, gives the following notice:

A Defendant in your case has filed a motion to dismiss under Federal Rule of Civil Procedure 12 or a motion for summary judgment under Federal Rule of Civil Procedure 56. If the motion is granted, some or all of your claims will be dismissed, and there will be no trial or evidentiary hearing on those claims. This notice is given because the Ninth Circuit Court of Appeals requires that pro se litigants be given fair notice of the requirements of summary judgment

*RAND* NOTICE - 1
(Case No. 3:21-cv-05331)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

and dispositive motion rules. *See Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998).

**Rule 12 Motions.**

In a Rule 12 motion, the Defendant generally relies on only what is stated in the complaint to assert entitlement to dismissal of the complaint. You can file and served a response opposing such a motion by the Monday before the noting date listed in the caption of the motion, or within such other time period set by the Court. Local Rule 7(d)(3). Thereafter, the Defendant will be entitled to file a reply by the noting date listed in the caption of the motion.

If either party submits other evidence with a motion to dismiss or with a response to the motion, then the Court may treat the motion to dismiss as a motion for summary judgment. See Federal Rule of Civil Procedure 12(b). If the Defendant has submitted evidence in support of a motion to dismiss and the Court intends to treat it as a motion for summary judgment, the Court will give you notice of its intent and of the need for you to meet the requirements of Rule 56 set forth below, rather than Rule 12, to oppose such a motion.

Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit. See LCR 7(b)(2).

**Rule 56 Motions.**

When the Defendant has filed a Rule 56 motion for summary judgment or a Rule 12 motion to dismiss that will be treated as one filed under Rule 56, you must file a response opposing the motion by the Monday before the noting date listed in the caption of the motion, or within such

*RAND* NOTICE - 2
(Case No. 3:21-cv-05331)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

other time period set by the Court. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Pursuant to the local rules, your response must consist of: (1) a brief opposing the motion, not to exceed 24 pages in length, and (2) evidence supporting your claims, such as admissions from the other party, affidavits, declarations, deposition transcripts, or answers to interrogatories that contradict or oppose the moving party's motion and support your claims. See Federal Rule of Civil Procedure 56; Local Rules 7(b)-7(e). Any affidavits or declarations submitted must be signed under penalty of perjury. Thereafter, the Defendant/Respondent will be entitled to file a reply by

*RAND* NOTICE - 3
(Case No. 3:21-cv-05331)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

1 the noting date listed in the caption of the motion. You are not entitled to file anything further in
2 response.

3
4      DATED this 19th day of May, 2021.

5                                       CHRISTIE LAW GROUP, PLLC

6                                       By    /s/ Ann E. Trivett
                                            ANN E. TRIVETT, WSBA #39228
7                                           NATASHA R. KHANNA, WSBA #52870
                                            Attorneys for Defendant City of Everett
8                                           2100 Westlake Avenue N., Suite 206
                                            Seattle, WA 98109
9                                           Phone: 206-957-9669
                                            Email: ann@christielawgroup.com
10                                          Email: natasha@christielawgroup.com

RAND NOTICE - 4
(Case No. 3:21-cv-05331)

CHRISTIE LAW GROUP, PLLC
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

S.J. Krier
718 Griffin Avenue, Suite 67
Enumclaw, WA 98022
Phone: 971-800-1083
Email: KrierSJ@gmail.com
*Pro Se*

Scott A. Marlow, WSBA #25987
WASHINGTON STATE ATTORNEY GENERAL'S OFFICE
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
Phone: 206-389-2047
Email: scott.marlow@atg.wa.gov
*Attorney for Defendant State of Washington*

Kelsey L. O'Neal, WSBA #51430
SNOHOMISH COUNTY PROSECUTING ATTORNEY'S OFFICE
3000 Rockefeller Avenue
Everett, WA 98201-4046
Phone: 425-262-2041, Ext. 2041
Email: koneal@snoco.org
*Attorney for Defendant Snohomish County*

CHRISTIE LAW GROUP, PLLC

By    */s/ Ann E. Trivett*
     Ann E. Trivett, WSBA #39228
     2100 Westlake Avenue N., Suite 206
     Seattle, WA 98109
     Phone: 206-957-9669
     Email: ann@christielawgroup.com
     Attorney for Defendant City of Everett

*RAND* NOTICE - 5
(Case No. 3:21-cv-05331)

**CHRISTIE LAW GROUP, PLLC**
2100 WESTLAKE AVENUE N., SUITE 206
SEATTLE, WA 98109
206-957-9669