UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN J. KRIER,

        Plaintiff,

  v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. C21-5331BHS

ORDER

THIS MATTER is before the Court on the following motions:

(1) Pro se Plaintiff Steven J. Krier's Motion to Remand, Dkt. 7;

(2) Krier's Motion for Default against Defendants State of Washington ("State"), Snohomish County ("County"), and City of Everett ("City"), Dkt. 8;

(3) The City's Motion to Dismiss, Dkt. 9;

(4) The City's Motion to Strike Krier's Motion for Default, Dkt. 11;

(5) The County's Motion to Dismiss, Dkt. 14;

(6) The State's Motion to Dismiss, Dkt. 25; and

(7) Krier's Unopposed Motion to Withdraw his Motion for Default against the City and the County, and for Leave to file an Amended Complaint against the State. Dkt. 31.

## I. DISCUSSION

**A. Background**

On August 7, 2020, Krier sued the State of Washington, Snohomish County, and the City of Everett in Thurston County Superior Court. Dkt. 1-1. He claims that he has been sexually abused, assaulted, and harassed during various periods of incarceration dating to 2009 at various state and local institutions. He asserts 42 U.S.C. § 1983 claims for violation of his constitutional rights.

There is no proof in the record that any defendant was ever served under state law. *See* Dkt. 6, Verification of State Court Records. Krier alleges that he served the Defendants on October 6, 2020, but the only document in the record demonstrating anything like service is a July 20, 2020 "Declaration of Mailing" asserting that Krier mailed from prison a copy of his Complaint and his Motion for a Temporary Restraining Order to the State's Attorney General. Dkt. 6-3 at 33. Krier filed that Certificate in Thurston County on August 7, 2020, the same day he filed his Complaint. *Id*. There is no subsequent document demonstrating personal service on any defendant.

On May 5, 2021, the City removed the case to this Court. Its Notice of Removal reflects the County's consent to removal and that the removal notice was served on the State. Dkt. 1. The pending motions followed.

## B. Krier's Motion to Remand is DENIED.

Krier seeks remand to Thurston County, arguing that the City's Removal was six months too late, that it was strategically timed to delay or avoid his then-pending motion for default, and that the City did not adequately demonstrate that the other Defendants joined in or consented to the removal. Dkt. 7.

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. A defendant is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566.

The City argues that its removal was timely under 28 U.S.C. § 1446 and *Murphy Brothers, Inc. v. Michettie Pipe Stringing*, 526 U.S. 344 (1999). The former requires a defendant to file a notice of removal within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

The latter explains that "or otherwise" means *after* a summons is served: "Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Murphy Bros.* 526 U.S. at 346. Krier has not demonstrated that

he ever properly personally served a summons on any defendant. Absent service, the 30-day period for removal does not begin to run. *Id*. Krier's complaint asserts § 1983 claims, and the case was removable as raising a federal question under 28 U.S.C. § 1331. Because Krier never served any defendant, the time for removal did not begin to run, and the removal was timely. Furthermore, it is not necessary for defendants who have not yet been served to join in the removal. *See Prize Frize, Inc., v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The City's Notice of Removal was timely and proper under 28 U.S.C. § 1446 and *Murphy Brothers*. Krier's Motion to Remand, Dkt. 7, is **DENIED**.

**C.     Krier's Motion to Withdraw his Motion for Default as to the State and the County is GRANTED.**

Krier seeks permission to withdraw his motion for default against the State and the County, Dkt. 31. The Motion for Default, Dkt. 8, may be withdrawn without the Court's approval. The Motion to Withdraw that motion, Dkt. 31, is unopposed, and it is **GRANTED**.

**D.     Krier's Motion for Default as to the City is DENIED.**

There is no evidence that Krier ever served a summons and complaint on any Defendant under state law before removal or under federal law after removal. His Responses, Dkts. 28 and 34, concede that he did not serve Defendants.

Finally, Krier did not provide appropriate notice of his motion to the City, which had appeared in the action. Local Civil Rule W.D. Wash. 55. Krier's Motion for Default

against the City, Dkt. 8, is **DENIED**. The City's Motion to Strike Krier's motion, Dkt. 11, is **DENIED as moot**.

E.  **The City's Motion to Dismiss is GRANTED.**

The City seeks dismissal under Federal Rule of Civil Procedure 12(b)(5) for lack of service, properly pointing to the absence of any proof that Krier served it under RCW 4.28.080(2). Dkt. 9 at 5. It correctly argues that, unless service is waived (which it was not), Federal Rule of Civil Procedure 4(*l*)(1) requires that proof of service be made to the court, in the form of a server's affidavit. Krier has not done so. The City's Motion to dismiss for lack of personal jurisdiction and for insufficient service is **GRANTED**. and Krier's claims against it are **DISMISSED**.

The City also seeks dismissal with prejudice under Rule 12(b)(6), arguing persuasively that Krier's complaint fails to state a plausible claim against it. Krier's Response to the Motion, Dkt. 34, reflects his desire to file an amended complaint which does not include claims against the City or the County. *Id*. at 3. He therefore asks the Court to dismiss his claims against the City without prejudice.

Because the cure for a pro se plaintiff's failure to state a plausible claim is an opportunity to amend, not dismissal with prejudice, the Motion to Dismiss, Dkt. 9, is **GRANTED** and Krier's claims against the City are **DISMISSED without prejudice**.

F.  **The County's Motion to Dismiss is GRANTED.**

The County seeks Dismissal under Rule 12(b)(5), echoing the City's arguments. Dkt. 14. Krier similarly concedes he did not serve the County, Dkt. 28, but argues that the Court should remand the case because if the County had not been served, the removal

ORDER - 5

was premature. That request is **DENIED**. And for the same reasons, the County's Motion to Dismiss, Dkt. 14, is similarly **GRANTED**, and Krier's claims against it are **DISMISSED without prejudice**.

**G.     The State's Motion to Dismiss is GRANTED.**

The State seeks dismissal under Rule 12(b)(5) and (6). Dkt. 25. It argues that it was never served, which it was not, and its Motion to dismiss on this basis is **GRANTED**. It also argues that Krier's claims against it are facially time barred because he was released from State custody in July 2009, more than 11 years before he sued. It seeks dismissal with prejudice under Rule 12(b)(6).

While 42 U.S.C. §1983 contains no statute of limitations, federal (and state for that matter) courts instead "borrow "§1983 limitations periods from analogous state law, specifically, the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a § 1983 claim is three years.

Krier makes two related arguments in response, based on equitable tolling and the discovery rule. He claims that the limitations period was equitably tolled because not discover the extent of the damages he suffered as the result of his sexual assault in state prison until he attended therapy in 2018. Dkt. 38 at 4 (citing RCW 4.16.340(1)(b) (limitations period for claims based on childhood sexual abuse accrue when victim reasonably should have discovered the injury was caused by the act)). Krier also seeks

leave to amend his complaint against the State to allege that he was mental incompetent or imprisoned for much of time between his release from state prison and the time he filed his complaint. *Id.*

The State points out that Krier was an adult when he first was incarcerated, and that the Childhood Sexual Abuse tolling statute does not apply to his claims. Dkt. 39 (citing Dkt. 1-1 at ¶ 4.1 (Krier was "just 19 in September 1991," when he was first sent to state prison for a year and a day.)). It also argues that Krier has not alleged that he was mentally incompetent under Chapter 11.88 RCW during any portion of the period between his release and his complaint, or that he was in prison during that time "on a criminal charge prior to sentencing." *Id.* at 3 (citing RCW 4.16.190). It argues that he cannot plausibly plead these facts, and that his claims are not plausible as a matter of law; they are instead time barred.

The Court agrees for the reasons articulated in the State's briefing and in this Order. Krier has not served his complaint, and it should be dismissed. Because he has not stated a plausible claim and he cannot plead around the conclusion that his claims are time barred, the State's Motion to Dismiss, Dkt. 25, is **GRANTED** and Krier's claims against it are **DISMISSED** with prejudice. Krier's Motion for Leave to file an amended complaint, Dkt. 31, is **DENIED** because it would be futile as there is no basis for tolling of the statute of limitations.

\

\

\

The Clerk shall enter a judgment and close the case.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2021.

                                 BENJAMIN H. SETTLE
                                 United States District Judge